ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| CARMEN L. ORTIZ DE JESÚS<br><br>Recurrida<br><br>v.<br><br>AUTOS DE SAN JUAN, INC.<br><br>Recurrente | TA2026RA00241 | *Revisión Judicial* procedente del Departamento de Asuntos al Consumidor (DACo)<br><br>Querella Núm.:<br>SAN-2025-0022314<br><br>Sobre: Vehículo de Motor |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de mayo de 2026.

Comparece Autos de San Juan, Inc. (Autos de San Juan o recurrente) mediante recurso de *revisión judicial*. Solicitan nuestra intervención para revocar la *Resolución* emitida por el Departamento de Asuntos del Consumidor (DACo) el 26 de febrero de 2026. Mediante el aludido dictamen, el DACo declaró Ha Lugar la *Querella* presentada por la Sra. Carmen L. Ortiz De Jesús (señora Ortiz De Jesús o recurrida).

Por los fundamentos que expondremos, desestimamos el recurso por falta de jurisdicción.

**I.**

En lo que nos atañe, la *Resolución* impugnada fue emitida por el DACo el 26 de febrero de 2026, notificada a las partes el 27 de febrero de 2026, y enviada por correo postal el 3 de marzo de 2026.[1] A través de la referida resolución, el DACo declaró Ha Lugar la *Querella* de epígrafe. Concluyó que Autos de San Juan incumplió con su obligación de presentar en el Departamento de Transportación y Obras Públicas cierta documentación para inscribir un vehículo de motor a nombre de la señora Ortiz De Jesús.

---

[1] Véase, Entrada Núm. 1 del SUMAC-TA, Anejo 2.

En desacuerdo, el 24 de marzo de 2026, Autos de San Juan presentó una *Moción de Reconsideración* que no fue atendida por la agencia recurrida dentro del término de quince (15) días dispuesto por la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG).[2] No conteste, el 11 de mayo de 2026, Autos de San Juan radicó el recurso de revisión judicial que nos ocupa, en el que le imputó al DACo la comisión del siguiente error:

> ERRÓ EL DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR, YA QUE SU DETERMINACIÓN NO ESTÁ JUSTIFICADA POR UNA EVALUACIÓN JUSTA DEL PESO DE LA PRUEBA QUE TUVO ANTE SU CONSIDERACIÓN.[3]

En virtud de la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), prescindimos del alegato de la parte recurrida. Al amparo de la norma procesal, este foro revisor tiene la facultad de prescindir de escritos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.

## II.

### A.

En lo que nos atañe, la Sección 4.2 de la LPAUG, 3 LPRA sec. 9672, que versa sobre los **términos para presentar el recurso de revisión judicial** ante este tribunal, en parte, estatuye:

> Una parte adversamente afectada por una orden o resolución final de una agencia y **que haya agotado todos los remedios provistos por la agencia** o por el organismo administrativo apelativo correspondiente **podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir** de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir **de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración**. […] (Énfasis nuestro).

---

[2] *Id.*, Anejo 3.
[3] *Id.*

En el caso que la parte afectada **opte por solicitar una reconsideración al foro administrativo**, entonces, la Sección 3.15, *Reconsideración*, de la LPAUG, 3 LPRA sec. 9655, dispone en lo pertinente lo que sigue:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. **La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.** Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. [...] (Énfasis nuestro).

### B.

Es harto conocido que la jurisdicción es el poder o autoridad que ostentan los tribunales para considerar y decidir los casos y las controversias ante su atención. *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, ya que no tenemos discreción para asumirla si no la hay. Por ello, las cuestiones relativas a la jurisdicción son privilegiadas y, como tal, deben atenderse y resolverse con preferencia y prontitud. La falta de jurisdicción no es susceptible de ser subsanada. Una sentencia dictada sin jurisdicción es nula en Derecho y, por lo tanto, inexistente. En consecuencia, una vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo de conformidad con lo ordenado por las leyes y los reglamentos para el perfeccionamiento de los recursos. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014);

*S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882-883 (2007); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005).

**C.**

En consonancia, la Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, según enmendado, 2025 TSPR 42, pág. 115, 215 DPR __ (2025), faculta a este foro intermedio para, a iniciativa propia, desestimar un recurso de apelación cuando carecemos de jurisdicción.

**III.**

Según ya dijimos, la parte recurrente presentó una moción de reconsideración el 24 de marzo de 2026. Dicho escrito no fue atendido por el DACo dentro del término de quince (15) días dispuesto en la Sección 3.15 de la LPAUG, *supra*. A esos efectos, el plazo de quince (15) días que tenía la agencia recurrida para atender la reconsideración expiró el 8 de abril de 2026. Ante lo cual, el término de treinta (30) días que tenía Autos de San Juan disponible para presentar una revisión judicial ante este Tribunal, comenzó a discurrir el 9 de abril de 2026 y expiró el 8 de mayo de 2026. El escrito ante nuestra consideración fue presentado el 11 de mayo de 2026, y, por lo tanto, es forzoso concluir que fue presentado de manera tardía.

**IV.**

Por los fundamentos antes expuestos y al palio de la Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, *supra*, desestimamos el recurso de revisión judicial por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones